IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI SOUTHERN
DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-03109-01-CR-S-BP |
| | ) | |
| TIMOTHY JOE STARKS, | ) | |
| | ) | |
| Defendant. | ) | |

**Findings of Fact and Adjudication Order**

The Court held a bench trial on this matter October 20, 2025. Defendant is charged with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). The Court finds that the Government has proven all essential elements of the crime beyond all reasonable doubt:[1]

This Court finds that between approximately February 17, 2021, and January 4, 2023, the Defendant knowingly received photographs and video that contained visual depictions of child pornography. The Government's witnesses, the Defendant's cell phone data (Government's Exhibit 6, 10), the Defendant's Laptop Computer data (Government's Exhibit 7, 9), and the data reports for Defendant's accounts and devices (Government's Exhibits 3, 9, 10) establish the Defendant knowingly possessed images that include depictions of child pornography.

At trial, the Defendant testified that a Snapchat account titled "Tim Perella" belonged to him. The Government presented testimony that the "Tim Perella" Snapchat was backed up by the email astroturff39@gmail.com. Former Detective Jacob Miller testified for the Government that

---

[1] Eighth Circuit Model Instruction 6.18.2252

1

he received a cybertip on 9/19/2022 from the National Center for Missing and Exploited Children of several instances of uploaded material that was apparent as child pornography was connected with the astroturff39@gmail.com Google account. There was a total of 20 cybertips linked to astroturff39. Det. Miller was granted a search warrant for the email address and reviewed the contents of the Google account. The account contained numerous pictures and videos of apparent child pornography. It was apparent the Google account was used as a storage site for pornography and child pornography. Also stored in the account was a City Utilities bill in the name of "Timothy J Starks" at the Pebblecreek Apartments in Apt. 813. (Government's Exhibit 4). The 9/19/2022 cybertip involved 2 IP addresses. Those IP addresses were assigned to Pitt Technology Group, a Springfield, Mo technology company and used by the entire complex of Pebblecreek Apartments. Det. Miller concluded that one of the IP addresses was traced back to use in Apt. 813.

At that point, Det. Miller obtained a search warrant for Apt. 813. The warrant was executed on Jan. 4, 2023. At the time the search warrant was executed, the Defendant lived alone in Apt. 813 and had for over a year. The Defendant was present for the execution of the search warrant and cooperated with officers. Six items were seized under the authority of the search warrant (1 Toshiba Laptop, 1 LG cell phone, 2 iPhones, USB flash drives, and 1 generic laptop). (Government's Exhibit 6).

Russell Blaylock, Computer Forensic Analyst for Springfield Police Department, attended execution of the January 4, 2023, search warrant and later analyzed the devices seized. At trial, he testified that the LG cell phone and Toshiba laptop seized from the Defendant's apartment both contained cached images of child pornography. He explained that a thumbnail "cache" is created when files are viewed by a user even if the original image/file is deleted by the user. Government's Exhibits 11-16 are images obtained from the seized devices' caches. Daniel Sutcliffe, Homeland

2

Security Investigator on the case testified that Exhibits 11-16 matched videos and images found on the Google account connected to astroturff39@gmail.com. The videos and images from the Google account are marked as Government's Exhibits 18-23.

Mr. Blaylock also testified that his forensic analysis provided data showing who used the computer. He found that timstarks95@gmail.com, chenzhu2777@, tim.perella@, hip.hop95@, and lougongwarrior@ all had used the Toshiba computer. The Defendant testified that all the email accounts belonged to him. He testified that: hip.hop95 was an email he created for his music endeavors; timstarks95 was used as a "junk" email he started in high school; and tim.perella was an email he started for job applications. While astroturff39@gmail.com was not found on the laptop, forensic analysis of the LG cell phone revealed that astroturff39 had sent an email to hip.hop95 on two different occasions. The Defendant denied any knowledge of astroturff39.

Defendant's evidence via his own testimony rests on two arguments: (1) that he was hacked and (2) that numerous people had access to his computer over the relevant time period. While those arguments are in the realm of possibility, the unequivocal evidence supports the conclusion the Defendant knowingly possessed the child pornography.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. The Court finds beyond a reasonable doubt that Defendant committed the crime charged. The Court finds that the Government has met their burden to prove that Defendant knowingly received photographs and video that contained visual depictions of child pornography.

The Court also finds that the Defendant knew that the visual depictions were of minors

engaging in sexually explicit conduct. Photographs pulled from the Google drive associated with Defendant (astroturff39), that match cached images on Defendant's computer and phone, are watermarked with "CP" meaning child pornography and "teen." (Government's Exhibits 12-16, 19-23). Further, the parties shave stipulated the images are pornographic in nature. (Doc. 72). Testimony from the Government's witnesses and Defendant's post-Miranda admissions, and in-court testimony establish that the cellphone and laptop from which the pornographic images were extracted had been in Defendant's possession prior to seizure by the Government.

This Court further finds that pursuant to the parties' stipulation (Government's Exhibit 17), the visual depictions had been transported in interstate commerce.

During trial, Defendant orally reaffirmed waiver of his right to a jury trial. This Court finds such waiver to be valid.

This Court finds beyond all reasonable doubt that Defendant committed the crime charged. Based on the foregoing, this Court finds Defendant **GUILTY** beyond a reasonable doubt of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2).

It is **FURTHER ORDERED** that Defendant remain in custody until sentencing. It is also **FURTHER ORDERED** that the United States Probation Office prepare a presentence investigation report.

**IT IS SO ORDERED.**

DATED:  October 23, 2025

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

4